# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| **JOHN R. THOMAS, JR.** | **CIVIL ACTION NO. 09-144-P** |
| **VERSUS** | **JUDGE STAGG** |
| **NURSE HUVAL, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff John R. Thomas, Jr. ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on January 22, 2009. Plaintiff is currently incarcerated at the Louisiana State Penitentiary, but claims his civil rights were violated while incarcerated at the Caddo Correctional Center in Shreveport, Louisiana. He names Nurse Huval, Dr. Robinson, Dr. Nelson, Geya Prudhomme, Ricky Swift, the Louisiana Attorney General, the Indigent Defender Board, and the Caddo Correctional Center medical staff as defendants.

Plaintiff claims the Indigent Defender Board, the State of Louisiana, and the Caddo Correctional Center medical staff conspired together to obtain a false positive test result for his sexually transmitted disease ("STD") examination in order to obtain convictions for two charges of aggravated rape and two charges of molestation. He claims that in January 2006, Nurse Huval drew blood from him without an explanation or consent form.

Plaintiff claims his attorney Ricky Swift advised him to submit to the STD examination even though the State objected to the examination. He claims he refused to submit to the examination. He claims Ricky Swift then provided him with a court order which was not signed but did have a signature block. He claims he then submitted to the STD examination. Plaintiff claims Ricky Swift had a conflict of interest because he did not believe him and Swift, therefore, provided him with ineffective assistance of counsel.

Plaintiff claims that two days after he submitted to an STD examination in November 2007, Nurse Huval ordered him to submit to a second examination without a court order. He claims Dr. Nelson performed the examination. Plaintiff claims Dr. Nelson participated in the conspiracy to convict him and reported a false positive result. He claims he did not have a sexually transmitted disease and there was either a problem with the chain of custody or the test was a false positive. He claims the false positive test result violated his constitutional right to a fair trial.

Plaintiff claims that after the STD examination, Nurse Huval gave him antibiotics prescribed by Dr. Nelson. Plaintiff claims the results of his second STD examination were altered and he should not have been prescribed antibiotics. He claims the antibiotics caused him to suffer side effects including a rash between his legs. He further claims he suffered pain when he urinated because of the two STD exams.

Plaintiff claims that on January 23, 2008, Assistant District Attorney Geya Prudhomme filed a motion to compel discovery related to his medical history. Plaintiff claims this motion proves a conspiracy to use false evidence during his criminal trial because

the State had previously objected to him taking an STD examination.

Plaintiff claims that in June 2008, Nurse Huval testified for the State during his criminal trial proceedings. He claims the two doctors who administered the STD examinations were not called to testify for the State during his criminal trial proceedings.

Accordingly, Plaintiff seeks an investigation into this matter, dismissal of the two aggravated rape and two molestation charges, a reprimand of Defendants, monetary compensation, punitive damages, and lost wages.

## LAW AND ANALYSIS

**Heck Claim**

Plaintiff claims Defendants conspired to obtain a false positive test result for his STD examination in order to obtain convictions for two charges of aggravated rape and two charges of molestation. Plaintiff further claims the medical staff treated him with antibiotics even though they knew his test was a false positive. Plaintiff is seeking monetary damages for allegedly unconstitutional convictions and sentences. The United States Supreme Court held that in order to recover monetary compensation for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994). Heck is also applicable to claims for injunctive relief that imply the invalidity of the conviction or sentence.

Kutzner v. Montgomery County, 303 F.3d 339, 340-41 (5th Cir.2002).  Heck involved a civil rights claim brought by a state prisoner.  The Court dismissed the Section 1983 suit until plaintiff could demonstrate that his conviction or sentence had been invalidated.

When a claim comes within the parameters of the Heck teachings, it is not cognizable under 42 U.S.C. § 1983 so long as the validity of the conviction or sentence has not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit.  See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff is seeking monetary damages for civil rights violations under Section 1983; therefore, he must prove his convictions or sentences have been invalidated.  He has not met this precondition and his complaint must be dismissed until such time that he can demonstrate that his convictions or sentences have been invalidated.

**Attorney Ricky Swift**

Plaintiff claims his appointed attorney Ricky Swift provided him ineffective assistance during his criminal proceedings.    Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983.  A plaintiff in a civil rights suit must show that the conduct complained of was committed by a person acting under color of state law.  Neither privately obtained nor court appointed defense attorneys act under color of state law for purposes of Section 1983.

Both a retained and a court appointed attorney serve their client, the accused; they do not serve the state.  They serve a private function for their client that follows from the very

nature of the attorney-client relationship and for which no state office or authority are needed. Hence, neither a retained nor a court appointed attorney acts under color of state law and cannot be held liable under Section 1983. See Polk County v. Dodson, 454 U.S. 312 (1981); Ellison v. DeLa Rosa, 685 F.2d 959, 960 (5th Cir. 1982) (citing Polk County, supra); United States ex rel. Simmons v. Zibilich, 542 F.2d 259, 261 (5th Cir. 1976); Nelson v. Stratton, 469 F.2d 1155 (5th Cir. 1972); Richardson v. Fleming, 651 F.2d 366 (5th Cir. 1981); Mills v. Criminal District Court #3, 837 F.2d 677 (5th Cir. 1988)(citing Nelson, supra).

Accordingly, Plaintiff's civil rights claim against Ricky Swift should be dismissed as frivolous.

**Indigent Defender Board**

Plaintiff claims the Indigent Defender Board conspired to obtain a false positive result for his STD examination in order to obtain convictions against him. Plaintiff bases his allegation on the actions of his court appointed attorney Ricky Swift. 42 U.S.C. § 1983 will not support a claim based on a respondent superior theory of liability. See Mouille v. City of Live Oak, 977 F.2d 924 (5th Cir. 1992), cert. denied, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993); Jennings v.Joshua Independent School District, 877 F.2d 313 (5th Cir. 1989), cert. denied, 496 U.S. 935, 110 S.Ct. 3212, 119 L.Ed.2d 226 (1990). Plaintiff therefore has failed to state a claim upon which relief may be granted.

Accordingly, Plaintiff's civil rights claim against the Indigent Defender Board should be dismissed as frivolous.

**Assistant District Attorney Geya Prudhomme**

Plaintiff claims Assistant District Attorney Geya Prudhomme conspired to use false evidence during his criminal trial. He claims she filed a motion to compel discovery related to his medical history but had previously objected to him taking an STD examination. Prosecutors have absolute immunity when acting in a quasi-judicial mode. Imbler v. Pachtman, 424 U.S. 409, 106 S.Ct. 984, 47 L.Ed.2d 128 (1976); Geter v. Fortenberry, 849 F.2d 1550 (5th Cir. 1988). The Fifth Circuit has repeatedly recognized the purpose of the immunity defense is to protect public officials from undue interference with their duties and from disabling threats of liability. Geter, 849 F.2d at 1552. Absolute immunity is immunity from suit rather than from liability. Elliot v. Perez, 751 F.2d 1472 (5th Cir. 1985). The Fifth Circuit "has likewise accepted the premise that the protected official should be sheltered from trial and pre-trial preparation as well as liability." Id. at 1478.

The conduct challenged unequivocally falls within the authority of the assistant district attorney as quasi-judicial officer of the court and in the ordinary exercise of her quasi-judicial duties. Accordingly, Plaintiff's civil rights complaint against Assistant District Attorney Geya Prudhomme should be dismissed as frivolous.

**State of Louisiana**

Plaintiff names the State of Louisiana through the Louisiana Attorney General as a defendant in this action. He claims the State of Louisiana conspired to obtain a false positive test result for his STD examination in order to obtain convictions against him. Accordingly, this Court must examine Plaintiff's claim for an award of money damages to see if the Court's jurisdiction over those claims is barred by the Eleventh Amendment. Penhurst State School

& Hospital v. Halderman, 465 U.S. 89, 121, 104 S.Ct. 900, 919, 79 L.Ed.2d 67 (1984).

The Eleventh Amendment provides:

> The judicial power of the United States Shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

The Eleventh Amendment has been judicially interpreted as a bar to suits in federal court by a private party seeking to impose liability which must be paid with funds from the State Treasury. Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); Ford Motor Company v. Department of Treasury, 323 U.S. 459, 65 S.Ct. 347, 84 L.Ed.2d 389 (1945).

Congress has not abrogated the States' Eleventh Amendment immunity in Section 1983 actions. Quern v. Jordan, 440 U.S. 332, 99 S.Ct. 1139, 39 L.Ed.2d 358 (1979). Therefore, the only avenue by which a plaintiff may seek money damages against the State in federal court is if the State, by the most express language or by overwhelming implications, consents to be sued in federal court. Ex Parte Young, 209 U.S. 123, 28 S.Ct. 241, 52 L.Ed. 714 (1908); Edelman v. Jordan, 415 U.S. 651, 673, 94 S.Ct. 1347, 1360-61, 39 L.Ed. 2d 662, 678 (1974); Brennan v. Stewart, 834 F.2d 1284, 1251-53 (5th Cir. 1988).

The Louisiana State Constitution, Article 12, Section 10(a), in pertinent part provides: "the state...shall [not] be immune from suit and liability for injury to person or property." The State's limited waiver of immunity is further qualified by LA. R.S. 13:5106, which prohibits suits against the State in any court other than a Louisiana state court. American Telephone and Telegraph Co. v. Madison Police Jury, 465 F.Supp. 168 (D.C. 1977).

The State's limited waiver of immunity from suit in state court must not be misconstrued as a waiver of constitutional immunity under the Eleventh Amendment from suit against a state in federal court. The State of Louisiana has not waived its rights under the Eleventh Amendment. <u>Usry v. Louisiana Department of Highways</u>, 459 F.Supp. 56, 63-64 (E.D. La. 1978); <u>Kiper v. Louisiana State Bd. of Elementary and Secondary Education</u>, 592 F.Supp. 1343 (M.D. La.), aff'd 778 F.2d 789 (5th Cir. 1985).

Plaintiff instituted the instant action pursuant to 42 U.S.C. § 1983. This Court is aware of no provision enacted by Congress which, under these circumstances, authorizes an award of money damages against a state as retrospective relief for alleged past wrongs. <u>Stewart</u>, at 1252. Plaintiff's claims and the relief sought fall within the strictures enunciated in <u>Stewart</u>, thereby barring a retrospective award of damages. This Court cannot grant Plaintiff the relief he seeks.

Accordingly, his claims against the State of Louisiana should be dismissed without prejudice because this Court lacks subject matter jurisdiction.

**Habeas Claim**

Plaintiff alleges his convictions and sentences are illegal and seeks dismissal of the convictions. Although Plaintiff submitted his claim on the standardized civil rights complaint form, it is incumbent upon this Court to determine preliminarily whether the facts alleged establish a claim under 42 U.S.C. § 1983 of the Civil Rights Act, or whether the claim is one which must be pursued initially in a <u>habeas corpus</u> proceeding. This determination is made by focusing on "the scope of relief actually sought." <u>Alexander v. Ware</u>, 417 F.2d 416, 419

(5th Cir. 1983); Serio v. Members of the La. State Bd. of Pardons, 821 F.2d 1112, 1117 (5th Cir. 1987).

When a claimant challenges the very fact or duration of his physical confinement and seeks an immediate release or speedier release from confinement as relief, he must pursue his claim through an application for writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827 (1973). In accordance with this guideline, the United States Court of Appeals for the Fifth Circuit adopted a "per se rule barring consideration of claims under [42 U.S.C.] § 1983 that directly or indirectly challenge the constitutionality of the state conviction or sentencing decision under which the claimant is currently confined." Serio, 821 F.2d at 1117 (citing Fulford v. Klein, 529 F.2d 377, 381 (5th Cir. 1976), adhered to en banc, 550 F.2d 342 (1977)). Plaintiff is challenging his convictions and sentences and his claim clearly falls within the strictures of this guideline.

However, habeas relief is unavailable to Plaintiff at this time. Although such relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254, the right to pursue habeas relief in federal court is not unqualified. It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction or sentence in federal court until he has exhausted all available state remedies. See 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983).

This requirement is not a jurisdictional bar, but a procedural one erected in the interest of comity to provide state courts first opportunity to pass upon and to correct alleged

constitutional violations. See Picard v. Connor, 404 U.S. 270, 275 (1971); Rose v. Lundy, 455 U.S. 509 (1982). From the information provided in Petitioner's complaint and amended complaint, it does not appear that he has exhausted his available state remedies. Therefore, Plaintiff is not entitled to habeas relief at this time.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights claims seeking monetary damages and injunctive relief for his allegedly unconstitutional convictions and sentences be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) until such time as the Heck conditions are met. **IT IS FURTHER RECOMMENDED** that Plaintiff's civil rights claims against Ricky Swift, the Indigent Defender Board, and Geya Prudhomme be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e). **IT IS**

**FURTHER RECOMMENDED** that Plaintiff's civil rights claim against the State of Louisiana through the Louisiana Attorney General be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. **IT IS FURTHER RECOMMENDED** that Plaintiff's request for habeas relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate

of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

      **THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 3rd day of October, 2011.

                                              MARK L. HORNSBY
                                      UNITED STATES MAGISTRATE JUDGE